UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY L. REID,

    Plaintiff,

v.   CASE NO. 8:17-cv-2116-T-23AAS

SECRETARY, Department of Corrections,
  *et al.*,

    Defendants.
_____/

## **O R D E R**

Reid's complaint alleges that the defendants violated his civil rights by selling a product in the prison canteen that is "demeaning, derogatory, or stereotypical." (Doc. 1 at 8) An earlier order (Doc. 7) grants Reid leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit under this standard.

Reid sues the Secretary of the Florida Department of Corrections, Trinity Food Services (which offers items for sale through the prison canteen), and both Norman D. Farnam and "Straud, Willink, and Howard, LLC," the distributors or

manufacturers of instant coffee bags sold under the label "Billy Brew." Reid's "Exhibit 1A" (Doc. 1-1 at 2) is a photocopy of the package, which Reid describes as depicting a "thuggish appearing [black] goat standing upright[,] flounting gold teeth[,] sporting a gold chain with a 'BG' medallion[,] and sagging its pants." (Doc. 1 at 9) Reid represents that, after he filed a grievance with prison officials, the packages were removed from the canteen, but when later returned to the canteen, the packages had been altered by someone who had used a black marker to obliterate the center of the goat (from the shoulders to the top of the pants) such that the gold chain and top of the "sagging pants" were obscured. "Exhibit 2B" (Doc. 1-2 at 2) is a photocopy of the altered package. Reid again complained and, apparently after the supply of bags was sold, the packaging was completely re-designed to a "steaming coffee cup" with the name "Billy Brew coffee" printed on the side of the cup. "Exhibit 3C (Doc. 1-3 at 2) depicts the re-designed package.

Reid complains that the re-designed packaging still distresses him because "Billy Brew coffee" reminds him of the original, racially discriminatory packaging (Doc. 1 at 9):

> [T]he fact that the name Billy Brew (which was obviously the name of the discriminative goat which was attempting to represent the black man of today) has not been removed from the packaging, I am constantly reminded who "Billy Brew" was initially representing, which has led me to write grievance after grievance stating how this is actually still affecting me. I am mentally distress[ed] and feeling psychologically abused and the fact that racial hate groups fed off of this corporate assault, it has caused for me to suffer even more psychological damages in which case I am seeing a psychologist at this institution that I'm currently at.

Reid requests that the canteen "cease sell[ing] the coffee product that bears the tainted name 'Billy Brew' . . . ."  (Doc. 1 at 10)

Reid's representations and the attached exhibits (grievances and photocopies of the packaging) show that the grievance process succeeded in removing packaging from the canteen that Reid viewed as racially offense.  The re-designed packaging of a steaming coffee cup includes no racially insensitive image.  Reid's request for this district court either to order a change of the product name or to essentially control the products sold in the prison canteen seeks relief beyond a civil rights action.  "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).  *See LaMarca v. Turner*, 995 F.2d 1526, 1543 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994).  Although "not insulat[ing] from review actions taken in bad faith or for no legitimate purpose," *Whitley v. Albers*, 475 U.S. 312, 322 (1986), judicial deference requires that neither judge nor jury freely substitute their judgment for a prison official's considered decision.  *See Ort v. White*, 813 F.2d 318, 322 (1987).  See cases collected at *Sims v. Mashburn*, 25 F.3d 980, 986 (11th Cir. 1994).

Determining which products to sell in a prison canteen is left to prison officials to decide.  *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a

significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them.").

As a consequence, Reid fails to state a claim upon which relief can be granted. Amendment of the action would prove futile because Reid can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

Accordingly, the civil rights complaint (Doc. 1) is **DISMISSED**. The clerk must enter a judgment of dismissal against Reid and close this case.

ORDERED in Tampa, Florida, on August 1, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE